878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Eugene SAMPLE; Larry McKay, Plaintiffs-Appellants,
v.
Lamar ALEXANDER; Steve Norris; David H. Russell; Tony
Young; Michael Dutton; James Vandever; Jack Morgan;
George Keeling; Bill Chambers; Ernest Tidwell; Lowe,
Captain; Ken Binkley; Debra Davidson; David Hindman;
Mary Dietz; J. Sargent; Ed Sanders; Gary Poindexter;
Bobby Dotson; David Bowmer; James Fitzgerald; Sam
Knolton; Holloway, Lt.; Fernando Davila; George Biddix;
B. Miller; Rudolph, Officer, Defendants-Appellees.
 Nos. 88-5652, 88-5692.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and HORACE GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs filed a civil rights action under 42 U.S.C. Sec. 1983 claiming that the named defendants acted to deprive them of various first and fourteenth amendment rights in 1986. The district court entered judgment for all save two defendants and directed that the remaining claim be tried. The ensuing jury trial resulted in a verdict for the defendants. Both sides filed appeals. The parties have briefed the issues, plaintiffs proceeding pro se.
 
 
 4
 Upon consideration, we find the district court correctly decided the instant case. The record reflects that plaintiffs were not deprived of their procedural or substantive due process rights in connection with the disciplinary proceedings at issue. Wolff v. McDonnell, 418 U.S. 539 (1974); Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Neither party has demonstrated trial error, so the jury verdict will not be disturbed.
 
 
 5
 Defendants contend that the trial court committed error by issuing witness subpoenas for the indigent plaintiffs without requiring the contemporaneous payment of witness travel fees under Fed.R.Civ.P. 45. In the recent decision of Sales v. Marshall, Nos. 87-3568, 88-3411, 87-4151 (6th Cir. April 21, 1989), a panel of this court noted that expenses incurred in transporting a non-party witness may be taxable as costs to the prevailing party under 28 U.S.C. Sec. 1920 and Fed.R.Civ.P. 54(d). On the strength of Sales and in light of the careful screening process undertaken by the magistrate and the district court prior to the issuance of the subpoenas, we find the district court did not err in issuing the witness subpoenas.
 
 
 6
 Accordingly, the district court judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation